# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JUAN ALONSO, | )<br>) |
| Plaintiff, | ) No. 06 C 6270<br>) |
| v. | ) Judge Ronald A. Guzmán<br>) |
| MOTOROLA, INC., | )<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff has sued defendant for its alleged violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. The case is before the Court on defendant's Federal Rule of Civil Procedure ("Rule") 56 motion for summary judgment. For the reasons set forth below, the motion is granted.

## Facts

Plaintiff is more than forty years old and was born in Puerto Rico. (Def.'s LR 56.1(a)(3) Stmt. ¶ 1.) In 2005, he was employed by defendant at its Elgin, Illinois facility. (*Id.* ¶ 11; Def.'s Ex. A, Alonso Dep. at 22, 25.) In September of that year, defendant announced that it was selling its Elgin facility to Communication Test Design Incorporated and terminating the hundreds of employees, including plaintiff, who worked there. (Def.'s Ex. A, Alonso Dep. at 22, 114, 122.)

On January 25, 2006, plaintiff signed a document that says:

> I hereby unconditionally and irrevocably release, waive and forever discharge Motorola, Inc. . . . from ANY and ALL causes of action, claims and damages . . . , which have or could have arisen to date, out of my employment or separation from employment. This General Release . . . includes, but is not limited to, any claim or

entitlement to pay, benefits or damages arising under any federal law (including but not limited to Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act ("ADEA"), the Employee Retirement Income Security Act, the Americans with Disabilities Act, and the Family and Medical Leave Act); . . . .

(*Id.* at 139; Def.'s Ex. B12, General Release.)

Plaintiff now says that defendant terminated him, failed to promote him and otherwise discriminated against him in the terms and conditions of his employment because of his age and Puerto Rican ancestry. Defendant says that the release plaintiff signed entitles it to judgment as a matter of law on all of these claims.

## Discussion

To prevail on a summary judgment motion, "the pleadings, the discovery and disclosure materials on file, and any affidavits [must] show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). At this stage, we do not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Id.*

A person can release his claims under the ADEA if the release is "knowing and voluntary." *See* 29 U.S.C. § 626(f)(1). Such a release is knowing and voluntary only if: (1) it is written to be understood by the average recipient; (2) it specifically refers to ADEA claims; (3) it waives only pre-existing claims; (4) it gives the recipient at least forty-five days to consider it and seven days to revoke it after it is signed; (5) the person signing it receives consideration for it other than that

to which he is already entitled; (6) the person signing it is told in writing to consult a lawyer before doing so; and (7) the person signing it receives a notice written to be understood by the average recipient of any available severance program that identifies the individuals to whom the program applies, the eligibility factors for the program, and any applicable time limits, as well as a list of "the job titles and ages of all individuals eligible or selected for the program and the ages of all individuals in the same job classification or organizational unit who are not eligible or selected for the program." 29 U.S.C. § 626(f)(1); *see Oubre v. Entergy Operations, Inc.*, 522 U.S. 422, 427 (1998) (holding that release of ADEA claims is knowing and voluntary only if it complies with the statutory requirements).

Similarly, a person can validly release his Title VII claims only if he does so knowingly and voluntarily. *See Wagner v. NutraSweet Co.*, 95 F.3d 527, 532 (7th Cir. 1996). Among the factors the Court considers to determine whether such a release is knowing and voluntary are:

> (1) the employee's education and business experience; (2) the employee's input in negotiating the terms of the settlement; (3) the clarity of the agreement; (4) the amount of time the employee had for deliberation before signing the release; (5) whether the employee actually read the release and considered its terms before signing it; (6) whether the employee was represented by counsel or consulted with an attorney; (7) whether the consideration given in exchange for the waiver exceeded the benefits to which the employee was already entitled by contract or law; and (8) whether the employee's release was induced by improper conduct on the defendant's part.

*Pierce v. Atchison, Topeka & Santa Fe Ry. Co.*, 65 F.3d 562, 571 (7th Cir. 1995) (footnote omitted).

The release plaintiff admits having signed says: "I hereby unconditionally and irrevocably release, waive and forever discharge Motorola, Inc. . . . from ANY and ALL causes of action" (Def.'s Ex. B12, General Release), language that the Seventh Circuit has described as "clear and unequivocal." *See Pierce*, 65 F.3d at 568. Further, it is undisputed that the release specifically mentions ADEA and Title VII claims, only releases claims that accrued before plaintiff signed it,

3

instructs him to seek legal advice before signing it, and gives him forty-nine days to consider it and seven days to revoke it after signing it. (*See* Def.'s Ex. B12, General Release.) It is also undisputed that, when he signed the release, plaintiff had completed high school and some college courses. (*See* Def.'s Ex. A, Alonso Dep. at 16.) Moreover, plaintiff admits that he: read, and was told to consult a lawyer before signing, the release; was not coerced into signing the release; knew, when he did so, that he was promising not to sue defendant; received more money than he otherwise would have because he signed it; had forty-nine days to think about signing it and seven days after doing so to revoke it; and received a list of the employees who were and were not included in the layoff that set forth the ages and job titles of each. (*Id.* at 135, 141-44, 146-47; Pl.'s LR 56.1(b)(3)(B) Stmt. ¶ 26.)

Despite this undisputed evidence, plaintiff says the release is unenforceable because he "was not aware of [its] significance," when he signed it. (*See* Pl.'s Ex. 9, Alonso Aff. ¶ 6.) Plaintiff made this statement in an affidavit dated September 9, 2007 (*see id.*), three months after admitting in his deposition that he knowingly and voluntarily signed the release. (*See* Def.'s Ex. A, Alonso Dep. at 1, 141-42.) "[T]he law of this circuit does not permit a party to create an issue of fact by submitting an affidavit whose conclusions contradict prior deposition or other sworn testimony." *Buckner v. Sam's Club, Inc.*, 75 F.3d 290, 292 (7th Cir. 1996). Thus, plaintiff's after-the-fact attempt to disclaim his sworn deposition testimony cannot defeat this motion. Because the undisputed evidence establishes that plaintiff's waiver of his Title VII and ADEA claims was knowing and voluntary, defendant is entitled to judgment as a matter of law on his claims.

4

## Conclusion

For all of the reasons stated above, there is no genuine issue of material fact on any of the claims plaintiff asserts against defendant, which is entitled to judgment as a matter of law. Defendant's motion for summary judgment [doc. no. 28] is, therefore, granted and this case is terminated.

**SO ORDERED.**  ENTERED: 1/24/08

HON. RONALD A. GUZMAN
**United States District Judge**